IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-16-1850 |
| BOARD OF ELECTIONS OF MONTGOMERY COUNTY, *et al.*, | * | |
| | * | |
| Defendants | * | |
| | * | |

***

## MEMORANDUM OPINION

Plaintiff filed a Complaint, ECF No. 1, together with a Motion to Proceed in Forma Pauperis, ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in this case as:

Plaintiff is naturalized U.S. citizen as of 1978 and could not run for presidency. Plaintiff could not vote for self; for presidency in primary and general election.
. . .
Because plaintiff is trying to run for president and is barred by election process, Which includes primary and general election even when plaintiff is naturalized citizen, and is governed by county board of elections and state board of elections.
. . .
Current voting process violates 15th amendment. November general election is unconstitutional.

Compl. 2–3. Plaintiff also perceives the limitations on his ability to run for President as a violation of his First, Fourth, and Fourteenth Amendment rights. *Id.* at 1. Plaintiff seeks entry of an order that the "Maryland board of elections and County Board of Elections . . . cease operation in November general election." *Id.* at 3.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against

possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

It is true that a naturalized citizen cannot become President. *See* U.S. Const. art. 2, § 1; *Baumgartner v. United States*, 322 U.S. 665, 673 (1944) ("'Under our Constitution, a naturalized citizen stands on an equal footing with the native citizen in all respects save that of eligibility to the Presidency.'" (quoting *Luria v. United States*, 231 U.S. 9, 22 (1913))). But, Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf based on his inability as a naturalized citizen to run for President. A separate Order follows dismissing this case.

September 9, 2016
Date

Paul W. Grimm
United States District Judge

2